UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENESEE VENDING, INC., *et al*.,

    Plaintiffs,

Case No. 04-71834

v.

Hon. John Corbett O'Meara

R.J. REYNOLDS TOBACCO CO.,

    Defendant.

_____/

**OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT**

Before the court is Defendant's Motion to Dismiss Plaintiffs' Amended Complaint, filed January 24, 2005. The court heard oral argument on Defendant's motion on April 29, 2005, and took the matter under advisement. For the reasons stated below, Defendant's motion is denied.

**BACKGROUND FACTS**

Plaintiffs are 236 companies that own and operate cigarette vending machines in various locations across the country.[1] Plaintiffs are suing Defendant, R.J. Reynolds Tobacco Company ("RJR"), under the Robinson-Patman Act, alleging price discrimination. RJR manufactures cigarettes under brand names that include Winston, Camel, and Salem. Plaintiffs claim that RJR discriminates against them in favor of a competing class of retailers: convenience stores, gas stations, mini-marts, kiosks, and discount stores. According to Plaintiffs, RJR provides

---

[1] Plaintiffs have styled their complaint as a class action. The court has not, however, ruled upon this issue.

convenience stores with price rebates, inventory buy-down promotions, advertising and display allowances, and consumer promotions, which have the effect of lowering the per pack price of cigarettes for convenience store customers. Plaintiffs allege that they are excluded from these sales and advertising programs, to their competitive disadvantage.

For each plaintiff, the Amended Complaint details the plaintiff's location, a specific competitor that receives allegedly more favorable treatment, and the products at issue. The allegations are virtually identical for each plaintiff; an example of these allegations is as follows:

> Baton Rouge Cigarette Service is located in Baton Rouge, LA and operates cigarette vending machines throughout Baton Rouge. Baton Rouge Cigarette Service owns and operates 714 cigarette vending machines. Baton Rouge Cigarette Service competes with other cigarette retail outlets, including but not limited to Swifty's Food Mart, in the sale of Defendant's cigarette brands, including but not limited to Winston, Winston Lights, Camel, Camel Lights, Salem, and Salem Lights, to adult consumers. Baton Rouge Cigarette Service's retail competitors receive promotional benefits directly from Defendant, which include but are not limited to: advertising and display payments, inventory payments, consumer promotions, consumer price rebates and buy-down promotions. Neither the aforementioned promotional benefits, nor any proportionally equivalent benefits, are made available to Baton Rouge Cigarette Service. Defendant's cigarette brands and retail promotional benefits move continuously in a stream of interstate commerce. Defendant's discrimination in price and benefits against Baton Rouge Cigarette Service and in favor of its other retail customers has the effect of substantially lessening competition in the sale of cigarettes on a per pack basis to adult consumers in the marketplace. Defendant's misconduct adversely affects and injures, suppresses and eliminates competition between Baton Rouge Cigarette Service and Defendant's favored retail customers. By reason of Defendant's discrimination in price and benefits, Baton Rouge Cigarette Service has been injured in its business and property through losses in sales and profits in an amount not less than $2,499,000.00. Defendant's continued misconduct in violation of the law threatens Baton Rouge Cigarette Service with future losses and injuries attributable directly to the violation.

Pls.' First Amended Compl. at ¶ 21 (Count I).

Defendant claims that Plaintiffs' amended complaint is flawed pursuant to Rule 8(a) and Rule 12(b)(6) because they fail to allege that they "competed against a retailer that bought directly from RJRT" and that retailer "received a discount that RJRT did not offer to that plaintiff." Def.'s Br. at 4.  According to Defendant, "[n]o plaintiff identifies a favored competing buyer, the product that each of them purchased from RJRT, when each of them bought it, the quantity that it purchased or the amount of the claimed price difference."  Defendant claims that these are "basic elements of a Section 2(a) [Robinson-Patman] violation."  Plaintiffs contend that their allegations are sufficient to state a claim under the Robinson-Patman Act.

## LAW AND ANALYSIS

### I.     Standard of Review

Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  The rules "do not require a claimant to set out in detail the facts upon which he bases his claim.  To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).

Under Rule 12(b)(6), "the factual allegations in the complaint must be regarded as true. The claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988) (citations omitted); see also Conley, 355 U.S. at 45-46.  To survive dismissal under Rule 12(b)(6), a complaint "must contain either direct

or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." Scheid, 859 F.2d at 436 (citations omitted) (emphasis in original).

## II.     Elements of a Robinson-Patman Claim

The Robinson-Patman Act was passed in 1936 as an amendment to the Clayton Act. "The Clayton Act is an antitrust law that primarily protected against 'primary line' price discrimination, or price discrimination tending to injure the price discriminator's competitors." Lewis v. Philip Morris Inc., 355 F.3d 515, 520 (6th Cir. 2004). Congress passed the Robinson-Patman Act to "protect small retail stores from the concentrated buying power of larger chain stores." Id. at 520. The Act was intended to "curb and prohibit all devices by which large buyers gained discriminatory preferences over smaller ones by virtue of their greater purchasing power." Id. The Act protects against "primary-line" as well as "secondary-line" violations. "Secondary line" violations occur "when a seller's discrimination impacts competition among the seller's customers; i.e., the favored purchasers and disfavored purchasers." Id. (citation omitted). This case involves an alleged secondary-line violation, because it is the competitors of the "favored purchasers" that are claiming discrimination, rather than the competitors of R.J. Reynolds.

Plaintiffs' First Amended Complaint alleges violations of Sections 2(a), 2(d), and 2(e) of the Robinson-Patman Act (15 U.S.C. §§ 13(a), (d), (e)). Section 2(a) of the Act prohibits a supplier from "discriminating in price between different purchasers of like grade and quality where the effect is substantially to lessen competition." Id. at 521 (citing 15 U.S.C. § 13(a)). To establish secondary-line price discrimination under section 2(a) of the Act (Plaintiffs' Count I), the plaintiff must demonstrate:

> (1) that the seller's sales were made in interstate commerce; (2) that the seller discriminated in price as between the two purchasers; (3) that the product or commodity sold to the competing purchasers was of the same grade and quality; and (4) that the price discrimination had a prohibited effect on competition.

Industrial Burner Sys., Inc. v. Maxon Corp., 275 F. Supp. 2d 878, 882 (E.D. Mich. 2003) (citing George Haug Co. v. Rolls Royce Motor Cars, Inc., 148 F.3d 136, 141 (2d Cir. 1998)).  A private plaintiff must also show that "it suffered actual injury to its business or property as a result of the price discrimination." Id.

Sections 2(d) and (e) of the Act "deal with discrimination in the field of promotional services made available to purchasers who buy for resale." Lewis, 355 F.3d at 521-22.  Among the "promotional services" covered by the Act are advertising, display materials, and promotional contests. Id. at 522.  The elements of a claim under Sections 2(d) and (e) differ from that under Section 2(a) only in that it is unnecessary to prove a prohibited effect on competition. See Lewis, 355 F.3d at 522 n.6, 7; 15 U.S.C. § 13(d), (e).

### III.   Sufficiency of Plaintiffs' Complaint

Defendant complains that Plaintiffs do not sufficiently allege violations of Sections 2(a), (d), or (e) in their complaint.  According to Defendant, Plaintiffs' Section 2(a) claim is deficient because "[n]one of the eleven Count I plaintiffs alleges that it competed against a retailer that bought directly from RJRT, as required by the statute, and that [the retailer] received a discount that RJRT did not offer to plaintiff.   No plaintiff identifies a favored competing buyer, the product that each of them purchased from RJRT, when each of them bought it, the quantity that it purchased or the amount of the claimed price difference." Def. Br. at 4.  Defendant contends that Plaintiffs' Section 2(d) and (e) claim is insufficient because Plaintiffs do not allege that

-5-

"RJR provided a promotional allowance or service to a retailer against which the plaintiff competed, while not providing that promotional service to plaintiff." Id.

The pleading requirements for a Robinson-Patman claim are not as stringent as Defendant alleges.  Defendant relies upon Mountain View Pharmacy v. Abbott Laboratories, 630 F.2d 1383 (10th Cir. 1980) and Chawla v. Shell Oil Co., 75 F. Supp. 2d 626 (S.D. Tex. 1999) for the proposition that Plaintiffs' complaint must set forth greater factual specificity or be dismissed.  In Mountain View, however, the plaintiffs' complaint failed "to specify any products that were the subject of discriminatory treatment, nor does it identify the favored and disfavored purchasers of a particular product.  In view of the number of plaintiffs [13], defendants [28], and products involved in this suit, a complaint that fails to allege at least some of this information does not give fair notice of the grounds upon which the Robinson-Patman claim rests." Mountain View, 630 F.2d at 1388.  See also Chawla, 75 F. Supp. 2d at 653-54 (holding that in case with 73 plaintiffs, the "case must be analyzed from the perspective of each Plaintiff separately.  Plaintiffs have not even attempted to meet their individual pleading burden.").

In contrast, in this case, Plaintiffs have identified the products that were the subject of discriminatory treatment (cigarettes, including the Winston, Camel, and Salem brands) and at least one specific favored purchaser and disfavored purchaser for each plaintiff.  See, e.g., Compl. at ¶ 21 (allegations specific to each plaintiff); National Assoc. of College Bookstores, Inc. v. Cambridge University Press, 990 F. Supp. 245, 253 (S.D. N.Y. 1997) (distinguishing Mountain View and finding complaint sufficient where it "does identify products that were subject to discriminatory treatment, favored purchasers, and disfavored purchasers").    Plaintiffs also generally allege that (1) Defendant's sales were made in interstate commerce (Compl. at ¶

15); (2) Defendant discriminated in price between Plaintiffs and Plaintiffs' retail competitors, by providing "rebates, buy-back and buy-down payments" to Plaintiffs' competitors, but not to Plaintiffs (Compl. at ¶ 18); (3) Defendant sells cigarettes of "identical grade and quality to Plaintiffs and to each individual Plaintiff's retail competitors" (Compl. at ¶ 15); and (4) that the price discrimination had a prohibited effect on competition (Compl. at ¶19). These are the required elements of a price discrimination claim under Section 2(a) and a claim under Sections 2(d) and (e). See, e.g., Industrial Burner Sys., 275 F. Supp. 2d at 882; Lewis, 355 F.3d at 522 n.6, 7; 15 U.S.C. §§ 13(a), (d), (e).

Contrary to Defendant's suggestion, Plaintiffs need not make reference to specific transactions or promotional programs in their complaint.

> [S]uch pleading of the evidence . . . is a matter for the discovery process, not for allegations of detail in the complaint. The complaint should not be burdened with possibly hundreds of specific instances. . . if it were, it would be comparatively meaningless at trial where the parties could adduce further pertinent evidence if discovered.

National Assoc. of College Bookstores, 990 F. Supp. at 252 (quoting Nagler v. Admiral Corp., 248 F.2d 319, 326 (2d Cir. 1957)). See also Mountain View, 630 F.2d at 1388 ("[W]e are not demanding an inordinate level of factual specificity in the amended complaint. We recognize that factual pleading is required only insofar as it is necessary to place a defendant on notice as to the type of claim alleged and the grounds upon which it rests, thereby enabling a defendant to prepare a responsive pleading.").

In this case, Plaintiffs have given Defendant notice of the type of claim alleged and the grounds upon which it rests. Plaintiffs' First Amended Complaint comports with the requirements of Rule 8(a) and Rule 12(b)(6), in that Plaintiffs have plead all the elements of a

Robinson-Patman claim. Defendant can obtain further factual development of Plaintiffs' claims during discovery.

Accordingly, IT IS HEREBY ORDERED that Defendant's January 24, 2005 Motion to Dismiss is DENIED.

                                                      s/John Corbett O'Meara
                                                      John Corbett O'Meara
                                                      United States District Judge

Dated: May 2, 2005